THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN MIESKE, JOSEPH PARCHUK, JOSEPH SILCOCK, STANLEY KOSNICK and HAROLD FISTERE, Appellants.— Justice McNamee, who sat upon the argument of these cases, having died, and the remaining justices qualified to hear the appeals in the above-entitled actions being equally divided, the court, in accordance with section 618 of the Civil Practice Act, directs the appeals be sent to the Appellate Division, Fourth Department, to be there heard and determined. Present — Hill, P. J., Crapser, Bliss and Heffernan, JJ.

In the Matter of VINCENT ANGIONE, Appellant, against THOMAS H. MURPHY, as Warden of Clinton Prison, and NEW YORK STATE BOARD OF PAROLE, and Others, Respondents.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. JOHN DOE Alias LEWIS RABINOWITZ, RICHARD ROE Alias LEWIS DETRICK and JOHN JONES, Defendants.— This is an appeal from a judgment of the County Court of Montgomery county convicting the appellants of the crime of grand larceny in the first degree. The indictment was found in the Supreme Court and was duly sent to the County Court for trial. The county judge was disqualified because of the fact that he was district attorney at the time the indictment was found. Judge Gallup of Albany county was called in to try this case. The crime consisted of defendants borrowing $7,500 from one Vollmer and giving jewelry, supposed to be worth $25,000 to $30,000, as collateral for security which had been appraised for $25,000. The evidence indicates that the jewelry was changed by one of the defendants while Vollmer was out of his office and that jewelry not worth more than $2,000 was substituted. The evidence on the part of the People was very strong and convincing. Practically no evidence was offered by the defendants. The county judge of Montgomery county presided at the term of County Court in which these defendants were tried up to the time of the trial of this case. He was present as one of the witnesses for the drawing of a panel of jurors for the trial work of this term of court as provided by the Judiciary Law. The original panel that was drawn was reduced to sixteen or seventeen jurors and as the court was getting ready to try some cases where the number of peremptory challenges would exhaust the original panel, he ordered the county clerk to draw an additional panel from the third box. This was done in open court. When the trial of this indictment was commenced objection was made that the original panel was exhausted and not more than two or three were drawn from the extra panel. Attorney for the defendants withdrew his objection to the extra panel. The trial was fair and no objections or exceptions were taken. The question is raised about the summation of the district attorney and the charge of the court. They were proper under all the circumstances and evidence of this case. If there were any errors they were technical which did not affect the statutory rights of the defendants. Judgment of conviction affirmed. Hill, P. J., Crapser, Bliss and Heffernan, JJ., concur.